UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CYPRIAN,<br><br>Plaintiff,<br><br>v.<br><br>J.D. LOZANO, et al.,<br><br>Defendants. | No. 2:19-cv-1925-EFB P<br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (ECF No. 2).

<u>Leave to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Screening Order

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that it must be dismissed for failure to state a claim upon which relief could be granted. Plaintiff asserts two claims (1) that defendant Cross (and Warden Lozano based on a theory of respondeat superior), violated plaintiff's due process right to a fair parole hearing by sharing with the Board of Parole Hearings confidential and unreliable information that was prejudicial to plaintiff (ECF No. 1 at

3); and (2) that defendant Cross (and again Warden Lozano based on a theory of respondeat superior), have negligently and/or intentionally inflicted emotional distress upon plaintiff by routinely engaging in such tactics in advance of plaintiff's parole hearings since as early as 2007 (*id.* at 4).

First, federal review of a parole denial is limited to the narrow question of whether an inmate has received "fair procedures." *Swarthout v. Cooke*, 562 U.S. 216 (2011). Under that standard, a federal court may only review whether an inmate has received a meaningful opportunity to be heard and a statement of reasons why parole was denied. *Id.* at 862-63. Typically, all that is required to conform with due process is an opportunity to speak and a statement of reasons for the denial. *See Ward v. Price*, No. 2:16-cv-1406-JAM-KJN, 2017 U.S. Dist. LEXIS 57160, at *6-7 (E.D. Cal. Apr. 13, 2017) ("Although the Board used some confidential information in arriving at its decision to deny parole, petitioner was given an opportunity to be heard at the hearing, and he was provided a statement of reasons why parole was denied, meeting the minimal procedural due process standards . . . ." (footnote omitted)). In the event plaintiff was denied the minimum procedural due process safeguards at a specific parole suitability hearing, he may so allege in an amended complaint.

Second, a tort claim for negligent or intentional infliction of emotional distress is a state law claim. This claim is dismissed with leave to amend because (1) there is no cognizable federal claim allowing for pendent jurisdiction of a claim based upon state tort law and (2) the complaint fails to allege compliance with the California Torts Claims Act.[1]

Third, claims arising as early as 2007 are likely barred by the statute of limitations. *See Jackson v. Fong*, 870 F.3d 928, 936 (9th Cir. 2017) ("The statute of limitations relevant to [appellant's] § 1983 claims was California's two-year limit for personal injuries."); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) ("Under federal law, 'a claim accrues when the

---

[1] The Act requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). When a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007).

3

plaintiff knows or has reason to know of the injury which is the basis of the action.'"). Even allowing for the two-year tolling of the statute of limitation under California law for state prisoners (Section 352.1 of the California Code of Civil procedure), claims going back twelve years are well past the statute of limitations.[2]

Lastly, plaintiff may not sue Warden Lozano on the theory that the he is liable for the unconstitutional conduct of Cross. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Based on the foregoing, the court will dismiss plaintiff's complaint with leave to amend.

## Leave to Amend

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

---

[2] "For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date of service of this order; and

4. Failure to comply with this order may result in dismissal of this action.

DATED: April 6, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5