1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   LAWRENCE CYPRIAN,                        No. 2:19-cv-1925-EFB P

11                  Plaintiff,

12          v.                                <u>ORDER</u>

13   M. CROSS,

14                  Defendant.

15

16          Plaintiff is a state prisoner proceeding without counsel in an action brought pursuant to 42

17   U.S.C. § 1983.[1]  The court dismissed his original complaint with leave to amend on April 7,

18   2020.  ECF No. 7.  Plaintiff has since filed an amended complaint which is screened below.  ECF

19   No. 12.

20   I.     <u>Screening Requirement and Standards</u>

21          Federal courts must engage in a preliminary screening of cases in which prisoners seek

22   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

24   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

25   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

26   relief."  *Id.* § 1915A(b).

27   _____

28      [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
     § 636(b)(1).

                                                 1

1      This standard is echoed in 28 U.S.C. § 1915(e)(2), which requires that courts dismiss a

2   case in which a plaintiff proceeds in forma pauperis at any time if it determines, among other

3   things, that the action "is frivolous or malicious," "fails to state a claim on which relief may be

4   granted," or "seeks monetary relief against a defendant who is immune from such relief."  "[The]

5   term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion,

6   but also the fanciful factual allegation."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)

7   (discussing the predecessor to modern § 1915(e)(2), former § 1915(d)).  Thus, § 1915(e)(2)

8   allows judges to dismiss a claim based on factual allegations that are clearly baseless, such as

9   facts describing "fantastic or delusional scenarios."  *Id.* at 327-38.

10      A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

11   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

12   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

13   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

14   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

15   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

16   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

17   U.S. 662, 679 (2009).

18      To avoid dismissal for failure to state a claim a complaint must contain more than "naked

19   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

20   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

21   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

22   678.

23      Furthermore, a claim upon which the court can grant relief must have facial plausibility.

24   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

25   content that allows the court to draw the reasonable inference that the defendant is liable for the

26   misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

27   /////

28   /////

2

claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

II.   Screening Order

A.   Allegations of the Complaint

Plaintiff alleges that defendant Cross, a correctional counselor at plaintiff's institution, located a form 128B informative chrono (a form used to document non-disciplinary information about an inmate) in his electronic central file or "the Strategic Offender Management System." ECF No. 12 at 3.  Cross "knew or should have known that the information the 128B was an account based on 'Hearsay Evidence' and is inadmissible."  *Id.*  Without providing any notice to plaintiff, Cross placed the chrono in plaintiff's file to be reviewed by the Board of Parole Hearings.  *Id.*  Plaintiff does not inform the court what information was contained in the form or what effect the inclusion of the form had on any particular parole consideration hearing.  He alleges that Cross violated his federal due process rights along with some state law claims.

B.   Analysis

1.   Due Process

There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  But a state's parole laws may give rise to a constitutionally protected liberty interest.  *See Board of Pardons v. Allen*, 482 U.S. 369, 376-78 (1987); *Greenholtz*, 442 U.S. at 11-12.  The U.S. Court of Appeals for the Ninth Circuit has held that "California's parole scheme gives rise to a cognizable liberty interest in release on parole." *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002).

Accordingly, California authorities must provide some procedural protections when determining parole eligibility.  *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).  The procedures required are, however, minimal – prisoners must be provided only an opportunity to be heard and a statement of reasons why parole was denied.  *Id.* at 220.

/////

3

Thus, there is no federal due process right to have only accurate information reviewed by the parole board. *E.g.*, *Jenkins v. Drake*, CV 19-5656 ODW (PVC), 2020 U.S. Dist. LEXIS 94490, at *34-35 (C.D. Cal. May 5, 2020) (relying on *Sandin v. Conner*, 515 U.S. 472, 487 (1995)). So long as the inmate is provided an opportunity to respond to his record of alleged misconduct and provided a statement of reasons for the denial, due process is satisfied. *Sandin*, 515 U.S. at 487.

In the original screening order, the court informed plaintiff that the allegation that defendant placed a false chrono in his parole eligibility file was insufficient to state a federal due process claim. It directed plaintiff that, if he believed he had been denied due process at a particular parole suitability hearing – that is, denied either the opportunity to be heard or a statement of reasons for the decision – he could so allege in an amended complaint. Plaintiff has not done so. He does not provide any information regarding any parole hearing much less information regarding the use of the contested 128B chrono by the parole board. He does not allege that he was not provided with a hearing or a statement of reasons for his parole denial. Thus, the due process claim again fails.

    2.   State Law Claims

The court declines to review plaintiff's state law claims in the absence of a cognizable federal claim. *See* 28 U.S.C. § 1367(c)(3).

    3.   Leave to Amend

The court will grant plaintiff one last opportunity to file an amended complaint to state a cognizable federal claim.

Any amended complaint must comply with Federal Rule of Civil Procedure 8(a)'s direction to state each claim in a short and plain manner. The amended complaint must contain facts – not legal conclusions – supporting each element of the claims alleged.

Any amended complaint must not join unrelated claims. Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions

or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Unrelated claims against different defendants must therefore be pursued in separate lawsuits.  *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees— for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."  *Id.*

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

III.   Summary of Order

Accordingly, it is ORDERED that the amended complaint is dismissed with leave to file a second amended complaint within 30 days from the date of service of this order.  The second

1  amended complaint must bear the docket number assigned to this case and be titled "Second

2  Amended Complaint."  Failure to comply with this order may result in a recommendation that

3  this action be dismissed for failure to state a claim and/or failure to prosecute.  If plaintiff files a

4  second amended complaint stating a cognizable claim the court will proceed with service of

5  process by the United States Marshal.

6  DATED:  August 27, 2020.

7

8  EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28