UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD GOMEZ, | No. 2:17-cv-2407 MCE CKD P |
| Plaintiff, | |
| v. | ORDER |
| ACHARYA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner at the California Health Care Facility, proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion to compel discovery and motion for an extension of time, (ECF No. 60; ECF No. 62) and defendants have filed motions to modify the discovery and scheduling orders. (ECF No. 61, 66.)

I. Motion to Compel

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;"

1

or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The purpose of discovery is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Where a party fails to produce documents requested under Federal Rule of Civil Procedure 34, the party seeking discovery may move for compelled production. Fed. R. Civ. P. 37(a). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07-cv-0200 JM PCL, 2009 WL 1390794 at *1, 2009 U.S. Dist. LEXIS 42339 at *3 (S.D. Cal. May 14, 2009) (citations omitted); see also Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co., 981 F.2d 429, 438-39 (9th Cir. 1992) (upholding denial of motion to compel because moving party did not show the request fell within the scope of Rule 26(b)(1)). The opposing party is "required to carry a heavy burden of showing why discovery was denied." Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

Plaintiff asks the court to compel defendants to produce responses to "Production, Set III' and "Interrogatories, Set III." (ECF No. 60 at 1.) Specifically, he requests surveillance footage, and states that his case will suffer actual and substantial prejudice without this footage. (Id. at 2.) Discovery closed on March 10, 2020. (ECF No. 51.) All motions to compel were due by this date. (Id. at 2.) Plaintiff filed the instant motion four months after the close of discovery and failed to provide a reason for this delay. Additionally, the responses he requests relate to untimely interrogatories and requests for production that were served three months after discovery closed. (See ECF No. 63-1 ¶¶ 4, 5; Ex. C.) Pro se litigants must abide by the rules of the court, including discovery deadlines. See Bias v. Moynihan, 508 F.3d 1212, 1223 (9th Cir. 2007) (citing Carter v. Comm'r, 784 F.2d 1006, 1008 (9th Cir. 1986)); Meeks v. Nunez, No. 13-

CV-973-GPC(BGS), 2017 WL 908733, at *10 (S.D. Cal. Mar. 8, 2017). Plaintiff did not request additional time to file his motion to compel or to serve his untimely discovery requests, and to date, has provided no explanation on why it was these were untimely.

Assuming, arguendo, that plaintiff had timely requested the discovery and timely filed a motion to compel, it is the moving party's burden to demonstrate actual and substantial prejudice from a denial of discovery. Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Plaintiff makes a conclusory statement that he will be prejudiced, however, plaintiff has previously conducted two rounds of requests for production and one round of interrogatories which defendants responded to. (See ECF Nos. 50, 51; ECF 63-1, Exs. A-B.) Plaintiff was previously granted an extension of the discovery deadline. (ECF No. 51.) Moreover, defendants have previously indicated that they do not have responsive material in their possession, custody, or control. (See ECF No. 63 at 5; ECF No. 63-1, ex. B); Boyd v. Etchebehere, No. 01966, 2016 WL 829167, at *4 (E.D. Cal. Mar. 3, 2016) ("Absent evidence to the contrary, not present here, Plaintiff is required to accept defense counsel's representation that such documentation either does not exist or cannot be located, and Defendant cannot be compelled to provide copies of documents that do not exist.").

Plaintiff's requests and subsequent motion to compel were untimely. Additionally, plaintiff has failed to satisfy the burden of demonstrating actual and substantial prejudice. Accordingly, plaintiff's motion will be denied.

II. Request to Reopen Discovery

On August 13, 2020, over five months after the close of discovery, plaintiff requested via a motion titled "extension of discovery" that the court reopen discovery. (ECF No. 62.) Plaintiff states that due to "extraordinary circumstances" such as the COVID-19 crisis, it has been harder for inmates to leave their cells, (id. at 2) and so he should be allowed to extend the already passed discovery deadlines. This reasoning is not persuasive. Discovery closed on March 10, 2020, prior to when plaintiff would have been subjected to limited programming put in place to limit the spread of COVID-19. (See Decl. Counsel Supp. Defs.' First Mot. Modify, ECF No. 55-1 at 1-2 (describing the timing of the Governor's shelter-in-place order).) Plaintiff has not explained why

3

he did not request additional time prior to the close of discovery, nor has he identified new information warranting the reopening of discovery. See <u>Dimitre v. California State Univ. Employees' Union</u>, No. 2:17-CV-01698-KJM-DB, 2019 WL 4670827, at *2 (E.D. Cal. Sept. 25, 2019) (denying request to reopen discovery when the plaintiff did not claim the need to reopen was unforeseeable or identify otherwise exceptional circumstances). Accordingly, this request is denied.

      Accordingly, IT IS HEREBY ORDERED that:

      1. Plaintiff's motion to compel discovery (ECF No. 60) is DENIED;

      2. Plaintiff's motion for extension of time (ECF No. 62) is DENIED;

      3. Defendants' motion to modify scheduling order (ECF No. 61) is DENIED as moot; and

      4. Good cause appearing, defendants' motion to modify scheduling order (ECF No. 66) is GRANTED. Defendants shall have until November 6, 2020, to file their dispositive motion.

Dated: October 7, 2020

                                              CAROLYN K. DELANEY  
                                              UNITED STATES MAGISTRATE JUDGE

18:gome2407.mot.compel